**No. 60613.**—John Yercheck *v.* United States, protest 257796–K (Tampa).

WILSON, Judge: The merchandise in this case is invoiced as "Viegel EXACT 660L enlarger, with 80 mm. F4.5 lens, and opal lamp illumination system." It was classified under paragraph 218 (c) of the Tariff Act of 1930, as modified, at the rate of 45 per centum ad valorem as "Illuminating articles of every description, finished or unfinished, wholly or in chief value of glass, for use in connection with artificial illumination."

The plaintiff claims the merchandise properly dutiable under paragraph 1551 of the said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, supplemented by T. D. 52820, at the rate of 15 per centum ad valorem as "Photographic cameras not specially provided for."

Paragraph 1551 of the Tariff Act of 1930 provides as follows:

Photographic cameras and parts thereof, not specially provided for, 20 per centum ad valorem: *Provided,* That if the photographic lens is the component of chief value of the camera or of the part in which it is imported, such camera or part, including the photographic lens, shall be dutiable at the rate applicable to such photographic lens when imported separately; * * *.

Paragraph 228 (b) of the Tariff Act of 1930, as amended by the General Agreement on Tariffs and Trade, T. D. 51802, provides:

Photographic lenses, finished or unfinished, not specially provided for_____ 25% ad val.

It does not appear from the invoice description that the instrument in question is the type of article embraced within paragraph 218 (c), *supra*, under which it was classified. However, other than the invoice description with the official papers, no evidence was presented by the plaintiff herein, who made no appearance at the time of trial, with respect to the functions of this so-called enlarger in suppport of his claim that it should be held dutiable as a photographic camera. Further, the plaintiff has failed to establish the component of chief value in the instrument, in the determination of the proper rate of duty applicable to the merchandise.

On the basis of the record here presented, we are of opinion and hold that the plaintiff in this case has failed in his burden of proving that the involved merchandise is properly classifiable, as claimed. The protest claim in this case is overruled. Judgment will be entered accordingly.